# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GREAT AMERICAN INSURANCE COMPANY,**

      **Plaintiff,**

**v.**                                                              Case No:   6:16-cv-63-Orl-37KRS

**BILLY J. BREWER, DEBORAH BREWER and BREWER PAVING & DEVELOPMENT, INC.,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **GREAT AMERICAN INSURANCE COMPANY'S MOTION TO STRIKE IN PART AFFIRMATIVE DEFENSES ASSERTED BY DEFENDANTS (Doc. No. 26)**
>
> **FILED:**     **April 29, 2016**

## I. BACKGROUND.

On February 3, 2016, Plaintiff Great American Insurance Company filed an amended complaint against Defendants Brewer, Paving & Development, Inc. ("Brewer Paving"), Billy J. Brewer, and Deborah Brewer, asserting claims for common law indemnity, breach of an indemnity agreement, and specific performance of the indemnity agreement. Doc. No. 14. On April 5, 2015, Defendants filed their answer, in which they asserted eighteen affirmative defenses. Doc. No. 19. Pertinent here, in paragraphs 35 and 48 of the answer, Defendants stated that "[e]nforcement of [the

parties' indemnity agreement] is barred by virtue of the provisions of § 725.06, Fla. Stat." Doc. No. 19 ¶ 35.

Plaintiff subsequently filed a motion to strike paragraphs 35 and 48 of the answer under Federal Rule of Civil Procedure 12(f). Doc. No. 26. Defendants oppose the motion. Doc. No. 28. The motion to strike has been referred to me for issuance of this Report and Recommendation, and the matter is now ripe for review.

## II. STANDARD OF REVIEW.

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[A] court may strike an affirmative defense if the defense is insufficient as a matter of law. For a court to find a defense insufficient as a matter of law, the defense must be (1) patently frivolous on the face of the pleadings, or (2) clearly invalid as a matter of law." *Wlodynski v. Ryland Homes of Fla. Realty Corp.*, No. 8:08-cv-361-T-JDW-MAP, 2008 WL 2783148, at *1–2 (M.D. Fla. July 17, 2008). Motions to strike affirmative defenses are generally disfavored, and they should only be granted if the matter sought to be stricken has no possible relationship to the controversy, may confuse the issues, or may otherwise prejudice a party. *Id.* at *1.

## III. DISCUSSION.

Under section 725.06,

> [a]ny portion of any agreement or contract for or in connection with, or any guarantee of or in connection with, any construction, alteration, repair, or demolition of a building, structure, appurtenance or appliance, including moving and excavating associated therewith, between an owner of real property and an architect, engineer, general contractor, subcontractor, sub-subcontractor or materialman or any combination thereof wherein any party referred to herein promises to indemnify or hold harmless the other party . . . shall be void and unenforceable unless the contract contains a monetary limitation . . . .

Plaintiff contends that the statute is inapplicable to the instant case because Plaintiff is a surety, not one of the parties identified in the above-quoted language. This argument is well-taken.

"To fall within [section 725.06], a party must be an owner of real property, architect, engineer, general contractor, subcontractor, sub-subcontractor, or materialman." *Kone, Inc. v. Robinson*, 937 So. 2d 238, 241 (Fla. 3d Dist. Ct. App. 2006). In their answer, Defendants admit that they executed an indemnity agreement for the benefit of Plaintiff, a true and correct copy of which was submitted as an exhibit to Plaintiff's amended complaint. Doc. No. 19 ¶ 8; *see generally* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). The agreement makes clear on its face that Plaintiff contracted with Defendants in the capacity of a surety, not as a party covered by section 725.06. Doc. No. 15-1, at 1–9. Accordingly, the defenses asserted in paragraphs 35 and 48 of Defendants' answer are patently frivolous and should be stricken.[1]

---

[1] Defendants observe that Brewer Paving separately entered into a subcontract with GLF Construction Corporation. Doc. No. 29, at 2; *see also* Doc. No. 14 ¶ 12; Doc. No. 19 ¶ 12. They also note that Plaintiff issued a subcontract performance bond with GLF as obligee, guaranteeing Brewer Paving's work. Doc. No. 29, at 2; *see also* Doc. No. 14 ¶ 13; Doc. No. 19 ¶ 13. Defendants reason, in light of those facts, that the agreement falls within the ambit of section 725.06. Doc. No. 29, at 2. This argument, however, ignores that the agreement at issue is the agreement between Plaintiff and Defendants. As noted above, that particular agreement is not "between an owner of real property and an architect, engineer, general contractor, subcontractor, sub-subcontractor or materialman or any combination thereof." Fla. Stat. § 725.06.

**IV.     RECOMMENDATION.**

In light of the foregoing, I respectfully **RECOMMEND** that the Court **GRANT** Great American Insurance Company's Motion to Strike in Part Affirmative Defenses Asserted by Defendants (Doc. No. 26) and **STRIKE** paragraphs 35 and 48 of Defendant's answer (Doc. No. 19).

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 23, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE