# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action File No:<br>) 6:16-cv-63-Orl-37 RBD-KRS<br>) |
| BILLY J. BREWER, individually, DEBORAH BREWER, individually, and BREWER PAVING & DEVELOPMENT, INC., | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

COME NOW the Defendants, by and through their undersigned attorney and pursuant to Fed.Rules.Civ.Proc.Rule 72(b) and L.R. 6.02, object to the Magistrate Judge's Report and Recommendations (Doc. 31), and state:

1. The Magistrate Judge opines that Defendants seek to avoid the language of § 726.06 (et. seq.), Fla. Stat., which sets forth the nature of the contractual obligation between and among Plaintiff and Defendants. (Doc.

1

31, p. 3, ftn. 1). To the contrary, Defendants embrace that language since the entity in question is a subcontractor and is specifically identified as such in the statute. Defendants would respectfully submit that the Magistrate Judge's reliance on *Kone, Inc. v. Robinson,* 937 So. 2d. 238, 241 (Fla. 3d Dist. Ct. App. 2006), is misplaced in that the indemnity agreement in that case was a maintenance contract which appears to have been unrelated to the actual construction of improvements to public property. The case at bar deals with a party who has actually performed construction and is a member of the class protected by the clear language of § 725.06, Fla. Stat.

2. Regardless of the Magistrate Judge's other rationale, Defendants submit that the three prong standard set forth in the Memorandum in Opposition to Plaintiff's Motion to Strike, In Part, Affirmative Defenses Asserted by Defendants (Doc. 29), has not been met. The Report and Recommendation does not sufficiently address the issues of fact which remain to be established outside those contained in the Amended Complaint and Answer and Affirmative Defenses and, also, the lack of prejudice to the Plaintiff in permitting Defendants to proceed with the requisite Affirmative Defense.

## CONCLUSION

This Honorable Court should reject the Magistrate Judge's Report and Recommendation (Doc. 31), and Plaintiff's Motion to Strike, In Part, Affirmative Defenses Asserted by Defendants (Doc. 26), should be denied.

Respectfully submitted this 3rd day June, 2016.

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

**CANTWELL & GOLDMAN, P.A.**
Attorneys for Defendants

By:/s/ *J. Wesley Howze*
**J. Wesley Howze, Esquire**
Fla. Bar No.: 0181300
96 Willard Street, Suite 302
Cocoa, Florida 32922
Phone: 321-639-1320
Fax: 321-639-9950
Wes@cfglawoffice.com
Dale@cfglawoffice.com