**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

GREAT AMERICAN INSURANCE
COMPANY,

    Plaintiff,

v.                                                     Case No. 6:16-cv-63-Orl-37KRS

BILLY J. BREWER; DEBORAH
BREWER; and BREWER PAVING &
DEVELOPMENT, INC.,

    Defendants.

## ORDER

This cause is before the Court on the following matters:

(1) Great American Insurance Company's Motion to Strike in Part Affirmative Defenses Asserted by Defendants (Doc. 26), filed April 29, 2016;

(2) Memorandum in Opposition to Plaintiff's Motion to Strike in Part Affirmative Defenses Asserted by Defendants (Doc. 29), filed May 10, 2016;

(3) Report and Recommendation (Doc. 31), filed May 23, 2016;

(4) Defendants' Objections to Magistrate Judge's Report and Recommendations (Doc. 35), filed Jun 3, 2016; and

(5) Great American Insurance Company's Response to Defendants' Objections to Magistrate Judge's Report and Recommendations (Doc. 39), filed June 15, 2016.

## BACKGROUND

On May 23, 2016, U.S. Magistrate Judge Karla R. Spaulding ("**Judge Spaulding**") entered a Report and Recommendation (*see* Doc. 31 ("**Report**")) advising the Court to

strike two affirmative defenses asserted by Defendants Brewer Paving & Development, Inc. ("**BPD**"), and Billy and Deborah Brewer ("**Defendants**")—the "Thirty-Fifth Defense" and "Forty-Eighth Defense" (Doc. 19, ¶¶ 35, 48 ("**Defenses**")). (*See* Doc. 26 ("**Motion to Strike**").) The Defenses are that that specific performance and breach of contract claims (Doc. 14, ¶¶ 22–28 ("**Performance Claim**"); *id.* ¶¶ 29–35 ("**Breach Claim**")) asserted by Plaintiff Great American Insurance Company ("**Plaintiff**") are "barred by virtue of the provisions of § 725.06, Fla. Stat" ("**Florida Statute**") (*see* Doc. 19, ¶¶ 35, 48). Defendants filed objections to the Report (Doc. 35 ("**Objections**")), Plaintiff responded (Doc. 39), and the matter is ripe for adjudication.

## STANDARDS

Federal district court judges may designate magistrate judges to hear dispositive matters pending in a civil action for the purpose of submitting "proposed findings of fact and recommendations for the disposition" of such matters ("**Reports**"). *See* Fed. R. Civ. P. 72(b)(1). District court judges must review *de novo* "those portions" of Reports to which specific objection is made. *See* Fed. R. Civ. P. 72(b)(3). Upon review, district court judges may choose to further develop the evidentiary record, "return the matter to the magistrate judge with instructions," or "accept, reject, or modify" such Reports. *See* 28 U.S.C. § 636(b)(1)(C); *see also Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006).

## DISCUSSION

Defendants object to Judge Spaulding's Report on two grounds: (1) first, because BPD "is a member of the class protected by" the Florida Statute, Judge Spaulding incorrectly determined that the Florida Statute is inapplicable to the Agreement (*see*

Doc. 35, ¶ 1); and (2) second, Judge Spaulding insufficiently addressed both "the issues of fact which remain to be established outside those contained in [the pleadings, and] the lack of prejudice to Plaintiff in permitting Defendants to proceed with [the Defenses]" (*see id.* ¶ 2). Plaintiff counters that: (1) absent any plausible allegation or inference that Plaintiff is an "owner of real property," or "an architect, engineer, general contractor, subcontractor, sub-subcontractor, or materialman," it is irrelevant that BPD is a contractor; (2) the pleadings permit no plausible inference that Plaintiff is anything other than a surety, and Defendants have identified no other possible fact that might undermine Judge Spaulding's analysis; and (3) prejudice to Plaintiff need not be shown to strike a patently frivolous affirmative defense. (*See* Doc. 39, pp. 3–4.) Upon *de novo* review, the Court finds that: (1) Judge Spaulding's analysis is based on a correct view of the pleadings and a proper application of Florida law; and (2) prejudice need not be established to strike a patently frivolous affirmative defense. *See* Fed. R. Civ. P. 12(f)(2); *see also BE & K, Inc. v. Seminole Kraft Corp.*, 583 So. 2d 361, 365 (Fla. 1st DCA 1991).

In pertinent part, the Florida Statute renders contracts void and unenforceable under the following circumstances: (1) the contract concerns or guarantees "any construction, alteration, repair, or demolition of a building, structure, appurtenance, or appliance, including moving and excavating associated therewith" ("**Construction Contract**"); (2) the parties to the Construction Contract include "an owner of real property *and* an architect, engineer, general contractor, subcontractor, sub-subcontractor, or materialman or any combination thereof" ("**Contracting Party Requirement**"); (3) one of the parties to the Construction Contract promises "to indemnify or hold harmless" the other party "for damages to persons or property caused in whole or in part by any act,

omission, or default of the indemnitee arising from" the Construction Contract or performance of the Construction Contract; and (4) the Construction Contract does not contain "a monetary limitation on the extent of the indemnification that bears a reasonable commercial relationship to the contract and is part of the project specifications or bid documents, if any." *See* Fla. Stat. Ann. § 725.06(1) (emphasis added); *see also Kone, Inc. v. Robinson*, 937 So. 2d 238, (Fla. 1st DCA 2006) (finding the Florida Statute was inapplicable because the Contracting Party Requirement was not met).

Here, the Defenses concern the validity of an "Agreement of Indemnity" ("**Agreement**"), which was attached as Exhibit A to Plaintiff's initial Complaint. (*See* Doc. 19, ¶¶ 35, 48; *see also* Doc. 1-1, pp. 1–9; Doc. 14, ¶¶ 8–11, 15–16, 20–35.) Based on the face of the Agreement and the allegations and admissions of the parties, the following facts are undisputed: (1) Plaintiff and Defendants are the parties to the Agreement; (2) as "a commercial surety" in Florida, Plaintiff executed the Agreement and issued a "Subcontract Performance Bond", which guaranteed BPD's work on a construction project in Florida; and (3) under the Agreement, Plaintiff is not an owner of real property, or an architect, engineer, general contractor, subcontractor, sub-subcontractor, or materialman. (*See* Doc. 1-1, pp. 1, 4–6; Doc. 14, ¶¶ 1–4, 12, 13; Doc. 19, ¶¶ 1–4, 12, 13.) Based on these undisputed facts, Judge Spaulding correctly determined that the Contracting Party Requirement of the Florida Statute is not met and the Defenses should be stricken as "patently frivolous." (Doc. 31, p. 3.)

## CONCLUSIONS

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1) Defendants' Objections to Magistrate Judge's Report and Recommendations (Doc. 35) are **REJECTED and OVERRULED**.

(2) The Report and Recommendation (Doc. 31) is **APPROVED and ADOPTED**.

(3) Great American Insurance Company's Motion to Strike in Part Affirmative Defenses Asserted by Defendants (Doc. 26) is **GRANTED**.

(4) The "Thirty-Fifth Defense" and "Forty-Eighth Defense" asserted by Defendants (Doc. 19, ¶¶ 35 & 48) are **STRICKEN**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 8, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record